Filed 1/27/14  P. v. Rocha CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ARTHUR BENITO ROCHA,<br><br>Defendant and Appellant. | F065527<br><br>(Super. Ct. No. F11600973)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  James A. Kelley, Jr., Judge.

Jean M. Marinovich, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*       Before Levy, Acting P.J., Detjen, J. and Franson, J.

After defendant Arthur Benito Rocha pled no contest to assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), the court granted probation and ordered $400 in victim restitution (§ 1202.4, subd. (f)). On appeal, defendant contends (1) the $400 victim restitution award is unauthorized and (2) a probation condition is unconstitutionally vague. We will modify the probation condition and affirm in all other respects.

## FACTS[2]

On June 13, 2011, at approximately 9:21 p.m., defendant arrived at his 37-year-old female cousin's house. He was intoxicated and he told her he needed to talk to someone. They visited for a few hours and the cousin realized defendant was depressed because his father had died a few weeks earlier. Defendant left but returned a short time later with someone named Richard. Defendant sat at the cousin's kitchen table with a laptop computer, talking to himself. He was "acting very scary" and he became very upset with the cousin. He got up and removed the battery from her cell phone. He gave it to Richard, who left shortly thereafter. Defendant approached the cousin in an aggressive manner. He picked up a kitchen knife from the counter and broke the blade off. He approached the cousin, wrapped his fingers around her neck, and put the blade against her cheek. While he choked her, he said, "Don't think I won't do it." As they struggled, the cousin received a scratch to her chest.

Defendant took his fingers off her neck and walked to the garage. She ran to a neighbor's house and called the police. As she waited outside her house for the police, defendant came out and pushed her to the ground. She was able to get up, enter her house, and lock the door.

---

[1]    All statutory references are to the Penal Code unless otherwise noted.

[2]    The facts are taken from the probation officer's report.

2.

When the police arrived, defendant was sitting in a chair in the middle of the driveway. His breath smelled strongly of alcohol and he told an officer he had drunk "quite a bit." The officer arrested him for public intoxication. A search of his person produced five baggies of methamphetamine. The cousin told an officer what had happened and said defendant was no longer welcome at her house.

## DISCUSSION

### I.     Victim Restitution

Defendant contends we should strike the $400 victim restitution award because there was no evidence the victim suffered or claimed an economic loss, and the record contains no facts that would support an award. He maintains the issue is not forfeited because the award constituted an unauthorized sentence that could not lawfully be imposed under any circumstance in this case. He explains that this claim is a legal one not requiring a review of factual circumstances. We disagree.

The trial court is required to award restitution to a victim who has suffered economic loss as a result of the defendant's conduct. (§ 1202.4, subd. (f).) The restitution order shall be "sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct .…" (§ 1202.4, subd. (f)(3).) The restitution amount should be "based on the amount of loss claimed by the victim or victims or any other showing to the court." (§ 1202.4, subd. (f).) To comport with basic due process, a defendant must be given notice and the opportunity to be heard. (*Koshak v. Malek* (2011) 200 Cal.App.4th 1540, 1547.) Consistent with this dictate, the victim restitution statutory scheme provides that the defendant has the right to a restitution hearing "to dispute the determination of the amount of restitution." (§ 1202.4, subd. (f)(1).) The statute contemplates that the restitution amount will be determined at sentencing, unless the amount cannot be ascertained at that time. (§ 1202.4, subd. (f); see *People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1319.) The defendant's right to notice and a hearing is protected if the amount of restitution claimed

3.

is set forth in the probation report, and the defendant has an opportunity to challenge the figures in the probation report at the sentencing hearing.  (*People v. Cain* (2000) 82 Cal.App.4th 81, 86; see *People v. Gonzalez* (2003) 31 Cal.4th 745, 754-755.)

Generally, to preserve a restitution issue for appellate review, the defendant must raise the objection in the trial court.  (*People v. Gonzalez, supra,* 31 Cal.4th at p. 755; *People v. Brasure* (2008) 42 Cal.4th 1037, 1074-1075; see *People v. McCullough* (2013) 56 Cal.4th 589, 591, 594, 599.)  However, our Supreme Court has "created a narrow exception to the [forfeiture] rule for '"unauthorized sentences" or sentences entered in "excess of jurisdiction."'  [Citation.]  Because these sentences 'could not lawfully be imposed under any circumstance in the particular case' [citation], they are reviewable 'regardless of whether an objection or argument was raised in the trial and/or reviewing court.'  [Citation.]"  (*People v. Smith* (2001) 24 Cal.4th 849, 852.)  The *Smith* court deemed "appellate intervention appropriate in these cases because the errors presented 'pure questions of law' [citation], and were '"clear and correctable" independent of any factual issues presented by the record at sentencing.'  [Citation.]  In other words, obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings are not [forfeited]."  (*People v. Smith, supra,* at p. 852.)

Here, the probation officer's report noted that restitution was an issue in this case, but it also noted that no victim statement or assessment had been made yet:  "This matter has been referred to the Victim Services Unit and an Impact Statement requested.…  If a statement is received prior to the date of sentencing, it will be reviewed and submitted for the Court's consideration."  Nevertheless, the report recommended that defendant "[m]ake restitution as directed by the Probation Officer, Family Support Division, or Non-Sufficient Funds Unit in the amount of $400 or [in] an amount to be determined pursuant to Penal Code Section 1202.4[, subdivision ](f)."

Before sentencing defendant, the trial court stated it had read and considered the probation report and asked if there were "any additions or corrections to the report[.]" Defense counsel mentioned only the prospect of defendant's leaving the state for employment. The court granted defendant probation and ordered, among other things, that he "make restitution as directed by the probation office in the amount of $400 or in an amount to be determined pursuant to [section] 1202.4[, subdivision ](f) of the California Penal Code." Defendant did not object.

We conclude defendant's claim that the restitution award was not supported by proof of the victim's economic loss is one that was forfeited by his failure to raise the issue below. According to the record, defendant took the victim's cell phone battery, broke her kitchen knife, and scratched her chest. The probation officer concluded restitution was an issue. The facts, although by no means a claim by the victim for economic loss, nevertheless represent a type of "showing to the court" that the victim suffered an economic loss (§ 1202.4, subd. (f)). In determining victim restitution, the court is entitled to consider a wide variety of information, including the probation report. (*People v. Baumann* (1985) 176 Cal.App.3d 67, 81.) A determination of whether the facts supported the $400 restitution amount is obviously a question of fact, not a clear and correctable legal question we can answer without resorting to factual considerations or remanding for further factual findings. Defendant has not shown that the restitution award was one that could not lawfully be imposed under any circumstance in this particular case. Accordingly, we conclude defendant has forfeited this claim by not challenging the $400 amount in the trial court.

## II. Vague Probation Condition

Defendant also contends the trial court imposed an unconstitutionally vague probation condition when it advised him not to associate with others who use or possess dangerous drugs or narcotics without including a knowledge element. The People

5.

respond that a knowledge element should be construed as an element of every probation condition. We agree with defendant that a knowledge element is required.

"In a variety of contexts, beginning with *People v. Garcia* (1993) 19 Cal.App.4th 97 (*Garcia*), California appellate courts have found probation conditions to be unconstitutionally vague or overbroad when they do not require the probationer to have knowledge of the prohibited conduct or circumstances. In *Garcia,* a probation condition prohibiting association with '"any felons, ex-felons, users or sellers of narcotics,"' [citation] was found to impinge on the probationer's 'constitutional right of freedom of association' and accordingly had to be narrowly drawn [citation]. [This court] rejected the contention that it was implicit that the condition would only be violated if the probationer knew of the other person's status, stating 'the rule that probation conditions that implicate constitutional rights must be narrowly drawn, and the importance of constitutional rights, lead us to the conclusion that this factor should not be left to implication.' [Citation.]

"In *People v. Lopez* (1998) 66 Cal.App.4th 615 (*Lopez*), [this court] applied [our] reasoning from *Garcia* to a condition stating in part that '"[t]he defendant is not to be involved in any gang activities or associate with any gang members"' [citation] and concluded that the association prohibition 'suffers from constitutionally fatal overbreadth because it prohibits Lopez from associating with persons not known to him to be gang members' [citation]. [This] court ordered the language modified to provide that '"Defendant is not to be involved in or associate with any person known to defendant to be a gang member."' [Citation.]" (*People v. Kim* (2011) 193 Cal.App.4th 836, 843-844, fn. omitted (*Kim*).)

As explained in *Kim, supra,* 193 Cal.App.4th 836, "In [these] situations, an express knowledge requirement is reasonable and necessary. The affiliations and past history of another person may not be readily apparent without some personal familiarity. Similarly, despite the presence of gang graffiti, sites of gang-related activity may not be

6.

obvious to all. And it takes some experience or training to identify what colors, symbols, hand signs, slogans, and clothing are emblematic of various criminal street gangs." (*Id.* at p. 845.)

The People, however, urge us to adopt the approach taken by the court in *People v. Patel* (2011) 196 Cal.App.4th 956 (*Patel*). In that case, the Third Appellate District considered whether a probation condition ordering that the defendant not drink alcohol, possess it, or be in a place where it was the chief item of sale was invalid because it lacked a knowledge requirement. (*Id.* at p. 959.) The court expressed its frustration with the "dismaying regularity" with which "we still must revisit the issue in orders of probation" that do not include a qualification that the defendant must commit the proscribed conduct knowingly. (*Id.* at p. 960.) Noting that "there is now a substantial uncontradicted body of case law establishing, as a matter of law, that a probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter" (*ibid.*), the *Patel* court announced that it would "no longer entertain this issue on appeal" (*ibid.*) and, moving forward, it would "construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly" (*ibid.*), without modifying a probation order that "fails to expressly include such a scienter requirement." (*Id.* at p. 961, fn. omitted).

In *People v. Moses* (2011) 199 Cal.App.4th 374, 381, the Fourth Appellate District declined to adopt the *Patel* approach, choosing instead to modify probation conditions to include a knowledge requirement. The Sixth Appellate District did the same in *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1350-1352. We too decline to follow the Third Appellate District's approach in *Patel.* Our Supreme Court faced the issue of the lack of a knowledge requirement in a probation condition and the remedy it mandated was unequivocal: "[W]e agree with the Court of Appeal that modification to impose an explicit knowledge requirement is necessary to render the condition constitutional." (*In re Sheena K.* (2007) 40 Cal.4th 875, 892.) Until our Supreme Court rules differently, we

will follow its lead on this point.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

## **DISPOSITION**

The probation condition forbidding association with persons who use or possess dangerous drugs or narcotics is modified to state:  "Do not knowingly associate with those who use or possess any dangerous drugs or narcotics."

As modified, the judgment is affirmed.