[No. E025274. Fourth Dist., Div. Two. July 11, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
RANDY LEE CAIN, Defendant and Appellant.

## COUNSEL

Beatrice C. Tillman, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster and Pamela A. Ratner, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**McKINSTER, J.**—At issue in this case is the scope of a criminal defendant's due process rights at a hearing to determine the amount of restitution to

be made to the victim by the defendant pursuant to Penal Code[1] section 273.5, subdivision (h)(2). More specifically, does a criminal defendant have a constitutional right to call and cross-examine the psychotherapist who provides counseling to the victim of the defendant's crime? We answer this question in the negative.

Defendant Randy Lee Cain pled no contest to a single count of violation of section 273.5 (infliction of corporal injury on a spouse) and was placed on probation. As one of the conditions of his probation, defendant was ordered to pay $1,890.75 to the State Board of Control (hereafter, the Board) to reimburse the Board for payment of counseling fees on behalf of defendant's wife (hereafter, the victim). On appeal, defendant challenges the court's restitution order on the grounds that (1) defendant was denied his constitutional rights at the hearing to determine the amount of restitution, and (2) the prosecution failed to present any evidence that counseling received by the victim was directly related to defendant's criminal conduct.

As we shall explain more fully below, we conclude that a criminal defendant does not have a state or a federal constitutional right at a hearing to determine the amount of restitution to call as a witness and cross-examine the psychotherapist who provided counseling to the victim. We also conclude that the trial court's restitution order was supported by substantial evidence.

## DISCUSSION

The facts of the underlying offense are not in dispute and we will recite them very briefly. On March 18, 1998, defendant was staying at the victim's apartment. Defendant and the victim had been separated for about two years and slept in separate rooms. That day, defendant came home intoxicated and had an argument with the victim. In the course of the argument, defendant struck the victim on the side of the head with his fist.

Subsequently, defendant was arrested and charged with a violation of section 273.5. Although defendant initially pled not guilty, he later entered into a plea bargain with the prosecution, changed his plea to nolo contendere, and was placed on formal felony probation. One of the conditions of defendant's probation was to make restitution to the victim in the amount to be determined by the probation officer. In memoranda dated April 23, 1999,

---

[1]Unless otherwise stated, all further statutory references are to the Penal Code.

and May 12, 1999, the probation officer requested that the probation condition concerning restitution to the victim be modified to require defendant to pay \$3,500 to the Board. According to the memoranda, the Board had already paid this amount for the victim's and her son's counseling.

During the June 17, 1999, hearing to determine the amount of restitution, defendant objected to the restitution order on the ground that the prosecution had not presented any evidence that counseling provided to the victim was related to defendant's criminal conduct. Defendant wanted to call as a witness and cross-examine the psychotherapist who provided counseling to the victim.

The trial court ruled that although defendant was entitled to a hearing on the issue of restitution to be made to the victim, he did not have a constitutional right to call and cross-examine the psychotherapist. In the court's opinion, any documentary evidence, even if hearsay, from the psychotherapist establishing the link between counseling and defendant's criminal conduct would have been sufficient to support a restitution order. The prosecution stated that it had a sworn statement from the psychotherapist that the counseling was directly related to the crime. Plaintiff did not object. The court then ordered defendant to pay \$1,890.75 to the Board at the rate of \$75 per month, commencing 30 days from the date of the hearing.

I

*Scope of Defendant's Due Process Rights at Restitution Hearing*

Defendant argues that he has a constitutional right, embodied in the Sixth Amendment of the federal Constitution and article I, section 15, of the California Constitution, to call and cross-examine adverse witnesses at a hearing to determine the amount of restitution to be made to the victim pursuant to section 273.5, subdivision (h)(2). Defendant contends that the trial court's (1) refusal to allow him to call and cross-examine the psychotherapist, and (2) reliance on hearsay information contained in the probation officer's memoranda and the itemized statement of claims paid by the Board on the victim's behalf violated his state and federal constitutional confrontation rights. Defendant further contends that the trial court's denial of his confrontation rights resulted in the hearing being fundamentally unfair in violation of the due process clause.

As to the confrontation clause argument, the People contend defendant was not denied his confrontation rights because he could have called as

witnesses staff members from the Board. The People also contend that defendant's right to call and cross-examine adverse witnesses is outweighed by the victim's constitutional right to privacy and the statutory psychotherapist-patient privilege.

With respect to defendant's due process argument, the People respond that in the context of a restitution hearing, a criminal defendant is entitled to no more than prior notice of the amount of restitution sought and a hearing to contest that amount. The People argue that the due process clause does not prohibit determination of the amount of restitution based upon hearsay evidence contained in the probation report.

We have not found any published California decisions dealing with a criminal defendant's state or federal due process rights at a hearing to determine the amount of restitution to be made to the victim pursuant to section 273.5, subdivision (h)(2). However, we have found several decisions discussing the defendant's rights at a hearing to determine the amount of restitution to be paid to the victim pursuant to other statutes.[2] ▇ The scope of a criminal defendant's due process rights at a hearing to determine the amount of restitution is very limited: " 'A defendant's due process rights are protected when the probation report gives notice of the amount of restitution claimed . . . , and the defendant has an opportunity to challenge the figures in the probation report at the sentencing hearing.' " (*People v. Resendez* (1993) 12 Cal.App.4th 98, 113 [15 Cal.Rptr.2d 575] [former Gov. Code, § 13967]; see also *People v. Baumann* (1985) 176 Cal.App.3d 67, 79-80 [222 Cal.Rptr. 320] [§ 1203.1 and former § 1203.4].)

▇ While we have not been able to find any cases dealing specifically with the defendant's right of confrontation at a hearing to determine the amount of restitution, California courts have repeatedly held that the defendant does not have a Sixth Amendment right of confrontation at the sentencing stage of a criminal prosecution. (*People v. Arbuckle* (1978) 22 Cal.3d 749, 754 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171] (hereafter, *Arbuckle*); *People v. Birmingham* (1990) 217 Cal.App.3d 180, 184 [265 Cal.Rptr. 780].) In *Arbuckle*, the California Supreme Court concluded that a criminal defendant does not have a constitutional right at a sentencing hearing to confront and cross-examine an employee of the Department of

---

[2]Like section 273.5, subdivision (h)(2), section 1203.1, subdivision (a)(3) permits the sentencing court to order the defendant to make restitution to the victim of his or her crime as a condition of probation. (§ 273.5, subd. (h)(2).)

Corrections who prepares the probation report prior to sentencing.[3] *Arbuckle*, at p. 754.)

In our view, a hearing on an amount of restitution to be made to the victim pursuant to section 273.5 is part and parcel of the sentencing process. We find no persuasive justification for granting the defendant more due process protection at this hearing than at a sentencing hearing. Therefore, we conclude that the defendant does not have a state or a federal constitutional right to cross-examine the psychotherapist who provides counseling to the victim of the defendant's crime.[4]

We disagree with defendant's assertion that the trial court's denial of his right to confront and cross-examine the psychotherapist resulted in a violation of his due process rights. The trial court violates the defendant's due process right at a hearing to determine the amount of restitution if the hearing procedures are fundamentally unfair. (*Arbuckle, supra*, 22 Cal.3d at p. 754.) In this case, defendant had full and fair opportunity to present affirmative evidence that counseling received by the victim was not directly related to the crime. For example, defendant could have called an expert to show that in light of the length of the counseling sessions and/or the time gap between the crime and the counseling, the counseling could not have been related only to the crime.[5] Defendant could have also introduced evidence of the victim's preexisting mental or psychological ailment or evidence that the victim was previously treated by a mental health professional.

Furthermore, the hearing was not fundamentally unfair due to the trial court's consideration of hearsay information contained in the probation officer's memoranda and in the Board's statement of claims paid on the victim's behalf. In *Arbuckle*, our Supreme Court found that a sentencing court could consider a probation report containing hearsay statements because the report was inherently reliable as a document prepared by a government employee in furtherance of his or her official duties. (*Arbuckle*,

---

[3]In support of his argument that he has confrontation rights at a restitution hearing, defendant relies on *People v. Calais* (1974) 37 Cal.App.3d 898 [112 Cal.Rptr. 685], in which the court held that the defendant had a constitutional right at a probation revocation hearing to call and cross-examine the probation officer who prepared the defendant's probation report. (*Id.* at pp. 902-903.) We question whether *Calais* is still viable in light of *Arbuckle*'s unequivocal holding that the defendant does not have a constitutional right to call and cross-examine the probation officer who prepares the probation report. In any event, *Calais* is also distinguishable because it involved a probation revocation hearing.

[4]Naturally, the trial courts retain discretion to permit such cross-examination on a case-by-case basis.

[5]Defendant committed the crime in March of 1998, while the counseling did not begin until the end of August of 1998 and lasted until February of 1999.

*supra*, 22 Cal.3d at p. 755.) The memos at issue in this case were addressed to the Supervising Criminal Court Clerk of the Victorville Superior Court and were prepared as a part of the probation officer's official duties. Hence, these memos were just as reliable as the probation report itself.

The same analysis applies to the trial court's consideration of the Board's statement of claims paid on the victim's behalf. The Board is one of the agencies within California state government. (Gov. Code, § 13901.) Judging by its contents, the statement was made as a part of the Board's official business. Such a document is inherently reliable. (*Arbuckle*, *supra*, 22 Cal.3d at p. 755.) Therefore, we conclude that the hearing on the amount of restitution to be made to the victim was not fundamentally unfair and therefore did not violate defendant's state or federal due process rights.

II

*Sufficiency of the Evidence to Support Restitution Order*

■ Defendant argues that there was no evidence to show that counseling received by the victim was directly related to the crime he committed. We disagree.

■ " 'The terms and conditions set by the trial court for victim restitution will not be overturned unless the trial court abused its discretion. "Restitution as a condition of probation is favored by public policy both as a means of doing justice to the victim [citation], and for rehabilitation of the offender [citations] . . . . Where there is a factual and rational basis for the amount of restitution set, no abuse of discretion will be found by the reviewing court." [Citation.]' " (*People v. Balestra* (1999) 76 Cal.App.4th 57, 63 [90 Cal.Rptr.2d 77], citing *People v. Whisenand* (1995) 37 Cal.App.4th 1383, 1391.)

■ Section 273.5 provides in pertinent part that if a criminal defendant is convicted of willful infliction of corporal injury on a spouse and is placed on probation, the sentencing court may require the defendant to reimburse the victim for reasonable costs of counseling and other reasonable expenses that the court finds are the direct result of the defendant's offense. (§ 273.5, subd. (h)(2).)

In this case, there was ample evidence to support the trial court's restitution order. During the hearing, the prosecution repeatedly referred to a statement from the psychotherapist that the counseling was "100 percent related to the crime." While it is not clear from the record whether that

statement was ever moved into evidence or even presented to the trial court, it is clear that defendant implicitly conceded both the existence of the statement and its contents.[6] (*People v. Burnett* (1999) 71 Cal.App.4th 151, 173 [83 Cal.Rptr.2d 629]; *People v. Peters* (1950) 96 Cal.App.2d 671, 675-678 [216 P.2d 145].) In light of the fact that defendant had not introduced any evidence to the contrary, a statement from the therapist that his or her services were rendered to ameliorate the negative effect of defendant's criminal conduct is, we think, sufficient to support the trial court's restitution order.

The trial court's restitution order was also supported by the undisputed evidence that the Board had already paid for the victim's counseling. ■ Government Code section 13959 provides as follows: "It is in the public interest to assist residents of the State of California in obtaining restitution for the pecuniary losses they suffer as a direct result of criminal acts." The Board adopted a set of regulations for the express purpose of enforcing and implementing Government Code section 13959. (*Graham v. State Bd. of Control* (1995) 33 Cal.App.4th 253, 258 [39 Cal.Rptr.2d 146]. These regulations have the force and effect of law. (*Ibid.*)

■ Section 649.9, subdivision (a), of title 2 of the California Code of Regulations, states, in pertinent part: "Applications for assistance as specified in Section 13961 of the code shall be deemed to be complete within the meaning of Section 13962(a) of the code only if: [¶] . . . [¶] (5) Except in the case of a request for 'zero awards,' a complete statement of losses and reimbursements *directly related to the qualifying crime* including but not limited to the cost of medical care or burial expense, the loss of wages the victim has incurred to date, or the loss of support the derivative victim has incurred to date, for which they claim assistance. . . . This statement shall include the date or dates that medical, mental health or other professional services were provided to the victim or derivative victim and a description of the services provided *along with the statement that the services were in fact received and that such services were required as a direct result of the qualifying crime and for no other reason.* If mental health psychotherapy services were provided, the statement shall include a designation as to whether any counseling or psychotherapy provided was in an individual, family, or group setting." (Italics added.)

The above referenced administrative regulations are identical to section 273.5, subdivision (h)(2) to the extent both limit reimbursement to those

---

[6]Throughout the proceedings, defendant argued that a hearsay statement from the therapist concerning the relationship between the counseling services and the crime was not sufficient to support the order. Moreover, defendant did not object when the prosecution represented to the court that the statement existed.

losses directly related to the qualifying crime. Moreover, like section 273.5, subdivision (h)(2), administrative regulations do not permit reimbursement for mental health services treatment without a statement from the treating mental health professional that his or her services *were required as a direct result of the qualifying crime*. Therefore, evidence that the Board has paid the claims pursuant to administrative criteria identical to those contained in section 273.5, subdivision (h)(2), supports the trial court's implied finding that the counseling was directly related to the crime.

## DISPOSITION

The judgment is affirmed.

Hollenhorst, Acting P. J., and Richli, J., concurred.

On August 8, 2000, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied October 25, 2000. Mosk, J., was of the opinion that the petition should be granted.