Filed 3/15/13  P. v. Swain CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THEODORE SWAIN,<br><br>    Defendant and Appellant. | D060747<br><br><br><br>(Super. Ct. No. SCD199072) |

APPEAL from an order of the Superior Court of San Diego County, Charles R. Gill, Judge.  Affirmed.

Theodore Swain appeals from a posttrial order in which the trial court confirmed the terms of an order appointing a receiver, authorizing the receiver's second distribution to victims of Swain's crimes, approving the receiver's fourth report and accounting, and approving the receiver's fee application.  Swain contends that because he was not personally present at the hearing on the challenged order, the order should be reversed

and we should remand the matter for a new hearing. We conclude that Swain's contention is without merit, and we affirm the order.

I

FACTUAL AND PROCEDURAL BACKGROUND

Swain was convicted in 2008 on several counts of securities fraud and other financial crimes and sentenced to a 24-year prison term. The trial court ordered Swain to pay $6,775,213.82 in restitution to his victims, as recommended in the probation report, and appointed Thomas Seaman as receiver to take possession and control of Swain's assets for the purpose of effectuating the restitution order.

On August 22, 2011, Seaman filed a pleading containing (1) a petition for instructions from the trial court, confirming that Seaman should proceed with making a distribution to the victims; (2) an accounting and status report; (3) a request to establish a cash reserve; and (4) a request for approval of Seaman's fee application. The matter was set for hearing on September 16, 2011, and the pleading was served on Swain in prison.[1] Swain filed an opposition to Seaman's petition, which was received by the court prior to the hearing.

Swain's opposition argued, among other things, that Seaman's appointment as receiver was "fraudulent and not legally sufficient" and that Seaman was improperly disposing of assets that belonged to corporations, not to Seaman. Swain took the position that Seaman should be removed as receiver and should not have his fee application

_____

[1] At his request, Swain has apparently represented himself in the trial court proceedings in this matter since entry of judgment in April 2008.

2

approved, and that the trial court should not accept the accounting statement presented by Seaman nor approve the creation of a reserve. Swain stated that he did not, however, oppose the distribution of the presently available funds to the crime victims, although he wanted Seaman removed from any further involvement in the case. Swain made no request in his written opposition to appear at the hearing, either by telephone or in person.

At the September 16, 2011 hearing, the trial court granted the relief requested by Seaman, and on September 21, 2011 it issued a written order setting forth its ruling. Although Swain was not present at the hearing, the trial court specifically stated in its order that it had considered Swain's opposition.

Swain filed a notice of appeal from what he identified as a September 16, 2011 "ex parte order to proceed with distribution."

II

DISCUSSION

Swain's appellate brief raises a single issue. Swain argues that he had a constitutional and statutory right to be physically present at the September 16, 2011 hearing. He contends that because he was not present at the hearing, the trial court's order should be reversed and this matter should be remanded for the trial court to hold a new hearing with Swain in attendance.

Well-established principles apply to a defendant's right to be physically present during proceedings in a criminal case. "It is established that a defendant has a federal constitutional right, emanating from the confrontation clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment, to be present at any stage of

3

the criminal proceedings 'that is critical to its outcome if his presence would contribute to the fairness of the procedure.' [Citations.] In addition, a defendant has the right to be personally present at critical proceedings, pursuant to the state Constitution [citations], as well as pursuant to statute ([Pen. Code,] §§ 977, 1043)." (*People v. Bradford* (1997) 15 Cal.4th 1229, 1356-1357 (*Bradford*).)

Under the applicable federal constitutional standard, a defendant's presence is required if it " ' " 'bears a reasonable and substantial relation to his full opportunity to defend against the charges.' [Citation.] The defendant must show that any violation of this right resulted in prejudice or violated the defendant's right to a fair and impartial trial." ' " (*People v. Virgil* (2011) 51 Cal.4th 1210, 1234 (*Virgil*).) "The same analysis applies under article I, section 15 of the California Constitution. [Citations.] 'The standard under sections 977 and 1043 is similar. " '[T]he accused is not entitled to be personally present during proceedings which bear no reasonable, substantial relation to his opportunity to defend the charges against him . . . .' " ' " (*Virgil*, at p. 1235.) Further, with respect to the statutory right to be present at sentencing, Penal Code section 977, subdivision (b)(1) identifies "the imposition of sentence" in a felony case as a proceeding at which the defendant's presence is required. (*Ibid*.). A proceeding at which restitution is ordered is part of the trial court's imposition of sentence. (See *People v. Cain* (2000) 82 Cal.App.4th 81, 87 (*Cain*).)

Under these standards, our fundamental inquiry is whether Swain has carried his burden to establish prejudice in that his physical presence at the September 16, 2011 hearing bore " ' " 'a reasonable and substantial relation to his full opportunity to defend

4

against the charges.'"'"  (*Virgil*, *supra*, 51 Cal.4th at p. 1234.)  When this standard is not met, "a defendant is not entitled to be personally present either in chambers or at bench discussions that occur outside of the jury's presence on questions of law or other matters."  (*Bradford*, *supra*, 15 Cal.4th at p. 1357.)  A defendant has no right to be present "'"when presence would be useless, or the benefit but a shadow."'"  (*People v. Ochoa* (2001) 26 Cal.4th 398, 433.)  It is not enough for the defendant to offer *speculation* that his presence would have contributed to his defense.  (*People v. Waidla* (2000) 22 Cal.4th 690, 742 [with respect to whether presence at certain proceedings would have made a difference to the defense, court concluded that "[t]he only possible basis for a conclusion favorable to [defendant] in this regard would be speculation.  Such a basis, however, is inadequate"].)  A defendant "'bears the burden of demonstrating that personal presence could have substantially benefited the defense.'"  (*People v. Price* (1991) 1 Cal.4th 324, 408.)

Here, Swain has not met his burden to establish that his presence at the September 16, 2011 hearing would have made a reasonable and substantial difference to his right to defend himself.  Swain submitted a lengthy written opposition to the trial court, which the trial court indicated that it considered before making its ruling.  Swain failed to articulate any way in which he would have had a stronger chance of prevailing in opposing the relief sought by Seaman had he been physically present at the hearing to supplement his written opposition.  Further, Swain has not established that the issues presented at the September 16, 2011 hearing had any relationship whatsoever to his defense.  Swain disputed whether Seaman should continue to serve as receiver and should

5

obtain a payment of fees. While those issues may be of substantial importance to Seaman and to Swain's victims, who seek to obtain a timely distribution of the funds available for restitution, they have nothing to do with Swain's defense of the criminal charges against him.

Swain argues that because the September 16, 2011 hearing "pertain[ed]" to a proceeding ordering restitution, he had a right to be present under the statute requiring a defendant's presence at the imposition of a felony sentence, which encompasses the ordering of victim restitution. (Pen. Code, § 977, subd. (b)(1); *Cain*, *supra*, 82 Cal.App.4th at p. 87.) We reject this argument. The September 16, 2011 hearing was not a hearing at which restitution was ordered and thus did not concern the imposition of sentence as covered in Penal Code section 977, subdivision (b)(1). Instead, as we have explained, the issue at the September 16, 2011 hearing concerned approval for Seaman to take certain steps to carry out the restitution order that the trial court made during the 2008 sentencing hearing, at which Swain was physically present as required by statute.

DISPOSITION

The order is affirmed.

_____
IRION, J.

WE CONCUR:

_____
McCONNELL, P. J.

_____
NARES, J.