Filed 9/9/15  P. v. Zamudio CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SOCORRO REYES ZAMUDIO,<br><br>    Defendant and Appellant. | A143925<br><br>(Sonoma County<br>Super. Ct. No. SCR579487)<br><br>ORDER DENYING PETITION FOR<br>REHEARING AND MODIFYING<br>OPINION<br>[NO CHANGE IN JUDGMENT] |

BY THE COURT:

The opinion filed on August 25, 2015, is modified by deleting the final paragraph of section II.A. (paragraph nine).  The opinion also is modified by adding the following sentence after the end of the eighth paragraph of section II.A.:  "The forms and Board certifications provide sufficient evidence and a rational basis for upholding the trial court's restitution order for mental-health expenses."

These modifications do not change the appellate judgment.  (Cal. Rules of Court, rule 8.264(c)(2).)

Appellant's petition for rehearing is denied.


Dated:_____          _____P.J.
                                Humes, P.J.

Filed 8/25/15  P. v. Zamudio CA1/1 (unmodified version)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SOCORRO REYES ZAMUDIO,<br><br>        Defendant and Appellant. | A143925<br><br>(Sonoma County<br>Super. Ct. No. SCR579487) |

Defendant Socorro Reyes Zamudio pleaded no contest to two counts related to having unlawful sexual intercourse with a woman incapable of giving legal consent.  He appeals from the trial court's order requiring him to pay $5,763.21 in victim restitution to the Victim Compensation and Government Claims Board (Board) for medical and mental-health expenses.  He argues that the restitution order is supported by insufficient evidence.  We disagree and affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

In March 2010, Zamudio was a guest at a friend's house where a 55-year-old developmentally disabled woman (Jane Doe) lived.[1]  One night Zamudio entered Doe's bedroom, lay down next to her, and told her to remove her disposable undergarment.  Zamudio then touched Doe and had sex with her, covering her mouth when she tried to

---

[1] In the absence of a trial or completed preliminary hearing, this factual and procedural background is taken from the presentence report prepared by the probation department.

1

call for help.  Doe's mother called the police upon discovering Zamudio in Doe's bedroom hiding under the bed.

Zamudio was charged with one count of sexual intercourse with an individual incapable of giving legal consent (Pen. Code § 261, subd. (a)(1)),[2] and one count of unlawful sexual intercourse by force (§ 261, subd. (a)(2)).  He pleaded no contest to the charges and was sentenced to serve six years in state prison on each count, with imposition of the sentence as to count two stayed under section 654.  As part of his no contest plea, Zamudio signed a waiver advising him that he could be subject to a mandatory restitution fine between $200 and $10,000. The trial court ordered Zamudio to pay a $2,400 restitution fine and victim restitution in an amount to be determined by the Board under section 1202.4.

At the initial restitution hearing in November 2014, Zamudio referred to a prior agreement with a judge regarding restitution, and the hearing was continued to December 2014.  At the subsequent hearing, Board records were entered into evidence, including copies of redacted health insurance claim forms submitted to and paid by the Board on behalf of Doe and her mother.  The Board sought reimbursement from Zamudio for these payments.  The only evidence Zamudio offered during the hearing was Doe's physical-evidence-examination report, which the trial court found was not relevant to restitution.  After the Board records and the physical-evidence-examination report were moved into evidence, Zamudio submitted.  The only other issues Zamudio raised related to his release date and credit calculations.

The trial court ordered Zamudio to pay $5,763.21 in victim restitution to the Board:  $1,713.21 in medical expenses plus $4,050 in mental-health expenses.  Zamudio did not object to either the restitution amount or to the sufficiency of evidence supporting the order during the hearing.

---

**2** All further statutory references are to the Penal Code unless otherwise indicated.

2

## II.
### DISCUSSION

A.    *The Trial Court Did Not Abuse Its Discretion by Ordering $4,050 in Restitution for Mental-health Expenses.*

Zamudio challenges only the $4,050 in restitution ordered for Doe and her mother's mental-health expenses. He argues that the evidence supporting the award for mental-health expenses was insufficient under section 1202.4, subdivision (f)(4)(B). We are not persuaded.

The California Constitution provides victims with the right to restitution from criminal defendants. (Cal. Const., art. I, § 28, subd. (b)(13); *People v. Smith* (2011) 198 Cal.App.4th 415, 431.) Section 1202.4 was enacted to implement the constitutional provision. (*Smith*, at p. 431.) Section 1202.4, subdivision (f)(4)(A), provides, "If, as a result of the defendant's conduct, the Restitution Fund has provided assistance to or on behalf of a victim . . . the amount of assistance provided shall be presumed to be a direct result of the defendant's criminal conduct and shall be included in the amount of restitution ordered." The term "victim" includes a parent of the victim who "sustained economic loss as the result of a crime." (§ 1202.4, subd. (k)(3)(A).)

When a victim receives assistance from the Restitution Fund, the amount of assistance provided is "established by copies of bills submitted to the California Victim Compensation and Government Claims Board reflecting the amount paid by the board and whether the services for which payment was made were for medical or dental expenses . . . [or] mental health counseling." (§ 1202.4, subd. (f)(4)(B).) "Certified copies of these bills provided by the board and redacted to protect the privacy and safety of the victim or any legal privilege, together with a statement made under penalty of perjury by the custodian of records that those bills were submitted to and were paid by the board, shall be sufficient to meet this requirement." (*Ibid.*) Although the statute provides an example of what is sufficient to meet the evidentiary requirement, "[s]ection 1202.4 does not, by its terms, require any particular kind of proof." (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1543.) The defendant also has a right to a

3

restitution hearing before a judge to dispute the determination of the restitution amount. (§ 1202.4, subd. (f)(1).)

The standard of proof at a restitution hearing is by a preponderance of the evidence. (*People v. Gemelli*, *supra*, 161 Cal.App.4th at p. 1542.) Restitution orders are reviewed for abuse of discretion. (*People v. Akins* (2005) 128 Cal.App.4th 1376, 1382.) "In determining the amount of restitution, all that is required is that the trial court 'use a rational method which could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious.' [Citations.] The order must be affirmed if there is a factual and rational basis for that amount." (*Ibid.*) " 'In reviewing the sufficiency of the evidence [to support a factual finding], the " 'power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted' to support the trial court's findings." (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.) A restitution order will be reversed "only if the appellant demonstrates a clear abuse of discretion." (*Akins*, at p. 1382.)

Zamudio does not challenge the presumption that any mental-health services, if provided, were a direct result of his crimes. Nor does he argue that the restitution order constitutes an " 'unauthorized sentence' " to which the waiver doctrine does not apply. (Cf. *People v. Scott* (1994) 9 Cal.4th 331, 354.) Instead, he argues that the Board records submitted in support of the restitution award did not meet the evidentiary requirements of section 1202.4, subdivision (f)(4)(B), because the insurance claim forms did not specify the nature of services provided. We disagree.

During the restitution hearing, redacted copies of the health insurance claim forms were moved into evidence along with two certifications by the Board's custodian of records made under penalty of perjury. The forms included the patient's name, date of service, cost of service, and a numerical code for the type of service provided. The forms redacted certain information including the patient's date of birth, the diagnosis, and the physician's name and contact information. The Board certifications summarized the bills paid by the organization on behalf of Doe and her mother, separating the expenses into $4,050 in mental-health bills and $1,713.21 in medical bills. The certifications also

4

stated that "the attached bills may have been redacted to protect the privacy and safety of the victims or may have been redacted consistent with any legal privilege."

The forms and accompanying Board certifications satisfy the evidentiary requirement under section 1202.4, subdivision (f)(4)(B). In reaching this conclusion, we are guided by *People v. Cain* (2000) 82 Cal.App.4th 81, 87, which held that a restitution hearing was not fundamentally unfair because evidence of the Board's statement of claims was hearsay and improperly considered. "The Board is one of the agencies within California state government. [Citation.] Judging by its contents, the statement was made as part of the Board's official business. Such a document is *inherently reliable*." (*Id.* at p. 88, italics added.) Here, as in *Cain*, a statement by the Board that it paid $4,050 in mental-health bills on behalf of Doe and her mother is "inherently reliable." (*Ibid.*) The Board's certification, along with the insurance claim forms, provide sufficient evidence under section 1202.4, subdivision (f)(4)(B) to support the trial court's restitution order. Although the claim forms redacted the patient's diagnosis, the redaction comports with the protections afforded victims against the disclosure of their confidential medical and counseling communications under the California Victim's Bill of Rights Act of 2008. (Cal. Const., art. I, § 28, subd. (b)(4).)

At a restitution hearing, once the People have " ' "made a prima facie showing of [the victim's] loss, the burden shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim." ' " (*People v. Sy* (2014) 223 Cal.App.4th 44, 63.) Zamudio did not satisfy this burden because he failed to challenge the restitution amount or the evidence supporting the order and he failed to offer contrary evidence during the hearing.

If Zamudio felt that the redacted forms and certifications were insufficient, he could have requested the court to release additional information under section 1202.4, subdivision (f)(4)(C). A defendant is entitled to the release of the Board's records if "the defendant offers evidence to rebut the presumption that the amount of assistance provided to the victim was a direct result of the defendant's conduct" and "the trial court determines after an in camera review of the records that the records are relevant to the

dispute." (*People v. Lockwood* (2013) 214 Cal.App.4th 91, 100.) Zamudio neither offered relevant evidence nor asked the court to release additional information. Accordingly, the forms and Board certifications provide sufficient evidence and a rational basis for upholding the trial court's restitution order for mental-health expenses.

III.
DISPOSITION

The restitution order is affirmed.

_____
Humes, P.J.

We concur:

_____
Dondero, J.

_____
Banke, J.

6