Filed 10/5/16  P. v. Lopez CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>DANIEL LOPEZ,<br><br>        Defendant and Appellant. | A143879<br><br>(Solano County<br>Super. Ct. No. FCR303685) |

Defendant Daniel Lopez appeals from a restitution order, claiming he had a constitutional due process right to cross-examine his stalking victim during the restitution hearing.  There is no constitutional right to cross-examine at a restitution hearing.  Accordingly, we affirm the restitution order.

BACKGROUND

Defendant pleaded guilty to stalking under Penal Code section 646.9, subdivision (b).  At sentencing, the People presented a report documenting that the California Victim Compensation Board had paid the victim $5,913.  Defendant had not seen the report previously and asked to address restitution at a future hearing.  The trial court ordered defendant to pay $5,913, but set a hearing and retained jurisdiction, pursuant to Penal Code section 1202.4 and 1202.46, to consider adjustments and future restitution requests.

In connection with the restitution hearing, the People sought an additional $8,417.11 in restitution, which included about $6,500 for mental health counseling

1

services. Preparing to challenge the amount spent on counseling services, the defendant served the victim with a subpoena. Defendant wanted to probe the nature, frequency, and fair market value of the counseling services the victim had received, and believed that redacted medical records did not sufficiently provide this information and that he should be permitted to question the victim. The People objected to having the victim "re-victimized" in court, and noted that the Victim Compensation Board had paid the counseling professionals directly. The People also asserted that the redacted records adequately informed defendant of the number, dates, and costs of the counseling sessions provided.

The trial court gave defendant several days to make an offer of proof as to the victim's testimony, but ultimately defendant could only say he hoped the victim's examination would provide further information about the nature of the mental health treatment. The trial court found the written records—which consisted of health insurance claim forms with dates of sessions and costs, but not notations about session duration— sufficiently detailed, and it ruled that the victim would not be required to comply with defendant's subpoena. It nevertheless continued the restitution hearing to accommodate defendant's desire to subpoena a witness from the Victim Compensation Board.

At the final hearing, defendant "in looking at it further" told the trial court a Victim Compensation Board witness would be unable to provide information beyond what was in the written record, and so such a witness would not appear. Defendant then argued that his inability to confront the victim herself about restitution deprived him of due process, and he asked the trial court to deny restitution on that basis.

The court granted the full restitution requested, $8,417.11.

DISCUSSION

Defendant does not challenge the trial court's restitution order as an abuse of discretion or as not based on sufficient evidence. Defendant concedes he would be required to pay the full amount of any mental health counseling services resulting from

his criminal conduct. He also concedes that the Victim Compensation Board's payment of victim expenses creates a presumption that the expenses are compensable. He argues, however, that depriving him of the opportunity to cross-examine the victim violated his right to due process.

Criminals must make restitution to their victims in every case. (Cal. Const., art. I, § 28, subd. (b)(13); Pen. Code § 1202.4; see also *People v. Weatherton* (2015) 238 Cal.App.4th 676, 684.)

A restitution hearing, as a part of sentencing proceedings, does not require the formalities of other phases of a criminal prosecution. (*People v. Weatherton*, *supra*, 238 Cal.App.4th at p. 684; *People v. Prosser* (2007) 157 Cal.App.4th 682, 692 (*Prosser*); *People v. Cain* (2000) 82 Cal.App.4th 81, 87 (*Cain*).) "The scope of a criminal defendant's due process rights at a hearing to determine the amount of restitution is very limited: ' "A defendant's due process rights are protected when [he or she has] notice of the amount of restitution claimed . . . , and . . . has an opportunity to challenge the figures . . . at the sentencing hearing." ' " (*Cain*, *supra*, at p. 86; *Prosser*, *supra*, at p. 692.) To satisfy due process, a judge need not employ the " 'narrow net' " of traditional evidence rules, and enjoys " 'virtually unlimited discretion' " in choosing the type and source of information to rely upon. (*Prosser*, *supra*, at p. 692.)

In *People v. Arbuckle* (1978) 22 Cal.3d 749, 754-756, the Supreme Court acknowledged a defendant's due process rights at sentencing, but held that this did not give the defendant the right to cross-examine the person who prepared his probation report in exercise of his governmental duties. The "defendant could have challenged factual statements contained in the report by presenting his own evidence; but fundamental fairness does not require that he be allowed to challenge such statements by cross-examining the personnel who prepared the report, nor does it require that he be permitted to challenge the professional methods they employed." (*Id.* at p. 755.) The court remarked, "it should be within the sound discretion of the trial court to determine

3

those instances when in-court testimony is required to provide a fundamentally fair proceeding." (*Id.* at pp. 755-756.)

In *Cain*, the Court of Appeal specifically addressed cross-examination and a defendant's rights during a restitution hearing. (*Cain*, *supra*, 82 Cal.App.4th at pp. 86-87.) The trial court had ordered $1,890.75 in restitution for victim counseling services and refused defendant's request to cross-examine the psychotherapist providing the services about their necessity. (*Id.* at p. 85.) Before the appellate court, defendant argued "the trial court's (1) refusal to allow him to call and cross-examine the psychotherapist, and (2) reliance on hearsay information contained in the probation officer's memoranda and the itemized statement of claims paid by the [State Board of Control] on the victim's behalf violated his state and federal constitutional confrontation rights. Defendant further contend[ed] that the trial court's denial of his confrontation rights resulted in the hearing being fundamentally unfair in violation of the due process clause." (*Ibid.*)

Citing *People v. Arbuckle*, *supra*, 22 Cal.3d 749 and other cases, the Court of Appeal noted there was no "Sixth Amendment right of confrontation at the sentencing stage of a criminal prosecution" and concluded defendant did "not have a state or a federal constitutional right to cross-examine the psychotherapist who provide[d] counseling to the victim of the defendant's crime." (*Cain*, *supra*, 82 Cal.App.4th at pp. 86-87.) "Naturally, the trial courts retain discretion to permit . . . cross-examination on a case-by-case basis," but that was not required in *Cain*. (*Id.* at p. 87, fn. 4.)

Further, there was no deprivation of due process. (*Cain*, *supra*, 82 Cal.App.4th at p. 87.) The defendant had "had full and fair opportunity to present affirmative evidence that counseling received by the victim was not directly related to the crime. For example, defendant could have called an expert to show that in light of the length of the counseling sessions and/or the time gap between the crime and the counseling, the counseling could not have been related only to the crime. Defendant could have also introduced evidence

4

of the victim's preexisting mental or psychological ailment or evidence that the victim was previously treated by a mental health professional." (*Ibid.*, fn. omitted.)

Finally, to the extent the trial court had relied on the State Board of Control's statement of payments, this was fair. "The Board is one of the agencies within California state government. (Gov. Code, § 13901.) Judging by its contents, the statement was made as a part of the Board's official business. Such a document is inherently reliable." (*Cain*, *supra*, 82 Cal.App.4th at p. 88.)

In this case, the trial court had a certified record from the Victim Compensation Board in which the Board's custodian of records provided the health insurance claim forms signed by the relevant care providers that had been submitted on behalf of the victim as evidence of completed services for which the Victim Compensation Board paid. These forms showed the patient's name, each date of service, the kind of service provided (by code number), and the cost of the service.

Against this backdrop, defendant wanted to ask the victim questions to, in essence, make sure each expense was truly justified and maintained that the victim was the only person who could address his concerns. The trial court denied interrogation of the stalking victim. But both it and the People made clear they would accede to other testimony challenging the amount of restitution, be it from a medical professional, a member of the Victim Compensation Board, or an acquaintance of the victim. There were continuances of the restitution hearing and numerous opportunities for defendant to present other, affirmative testimony. The court also gave defendant the chance to make an offer of proof as to what the victim would disclose if she took the stand. But defendant never told the court anything except that he hoped to "get more information," never explaining how, for instance, the victim could address the fair market value of mental health services.

We conclude *Cain* is apposite and discern no fundamental unfairness, as would be needed for a due process violation, in how the trial court managed the restitution hearing.

The only authority defendant cites in support of his due process claim is *People v. Garcia* (2010) 185 Cal.App.4th 1203.  In *Garcia*, the court noted the rape victim seeking restitution testified that all therapy bills before the court pertained to treatment following the rape.  (*Id.* at p. 1209.)  The mere fact that a trial court in one case allowed victim testimony does not establish a due process right to cross-examine the victim in all cases.

DISPOSITION

The restitution order is affirmed.

                                          _____
                                          Banke, J.

We concur:


_____
Humes, P. J.


_____
Margulies, J.

A143879, *People v. Lopez*

7