Filed 5/28/21  P. v. Walker CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ROY LEE WALKER, JR.,<br><br>        Defendant and Appellant. | E074727<br><br>(Super.Ct.No. FVI18002016)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Cara D. Hutson, Judge.  Affirmed.

Eric S. Multhaup, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I. INTRODUCTION

Defendant and appellant Roy Lee Walker was convicted by a jury of six offenses involving sexual conduct with three different minors. Following a contested restitution hearing on February 7, 2020, the trial court ordered defendant to reimburse the California Victim Compensation Board (the board) in the amount of $2,162.50, reflecting the amounts paid by the board to reimburse two of the victims for mental health services. Defendant appeals from this order arguing there was insufficient evidence to support a finding that the expenses were required as a direct result of his criminal conduct. We affirm the order.

## II. FACTS AND PROCEDURAL HISTORY

Defendant was convicted by a jury of six offenses involving sexual conduct with three different minors. Defendant requested a formal restitution hearing at the time of sentencing, and the restitution hearing was eventually held on February 7, 2020.

At the time of the hearing, the prosecutor presented the trial court with original, certified documents from the board. The documents included a written request for restitution by the board, which indicated the board had paid a total of $4,162.50 in claims made by defendant's three victims. Specifically, the documents indicated that the board had reimbursed one victim for 13 sessions of counseling; reimbursed a second victim for seven sessions of counseling; and reimbursed the third victim for relocation expenses. The correspondence from the board stated: "In accordance with Government Code Section 13950 et seq., expenses have been verified as incurred because of [defendant's]

crime," and it included certifications by a custodian of records under penalty of perjury supporting the documents detailing each of the itemized expenses.

The trial court concluded that the counseling services obtained by two of the victims were supported by the evidence, but that the relocation expenses paid to the third victim were not related to defendant's crime. As a result, the trial court ordered defendant to pay restitution in the amount of $2,162.50 to the board, reflecting the amount the board paid to reimburse the two victims for the counseling services.

III.  DISCUSSION

Defendant's only argument on appeal is that the trial court erred when it ordered him to pay $2,162.50 in restitution to reimburse the board for the cost of counseling services received by two victims because there was no evidence that the counseling services were related to his underlying crimes. We disagree.

Penal Code section 1202.4 authorizes restitution payments to victims, as well as the imposition of restitution fines, paid either to the state restitution fund or a direct victim of a defendant's crimes. (*Id.* at subds. (e), (f).) "Crime victims may apply to the Restitution Fund as one avenue to recover monetary losses caused by criminal conduct." (*People v. Holman* (2013) 214 Cal.App.4th 1438, 1452.) However, where a victim has received direct assistance from the state restitution fund, the amounts a defendant is ordered to pay as direct victim restitution are instead paid to the restitution fund to the extent the victim has received assistance from the fund. (*Ibid.*)

" 'The standard of review of a restitution order is abuse of discretion. . . . " 'Where there is a factual and rational basis for the amount of restitution ordered by the

3

trial court, no abuse of discretion will be found by the reviewing court.' " [Citations.]'

. . . 'In reviewing the sufficiency of the evidence [to support a factual finding], the

" 'power of the appellate court begins and ends with a determination as to whether there

is any substantial evidence, contradicted or uncontradicted,' to support the trial court's

findings." [Citations.] Further, the standard of proof at a restitution hearing is by a

preponderance of the evidence, not proof beyond a reasonable doubt. [Citation.] "If the

circumstances reasonably justify the [trial court's] findings," the judgment may not be

overturned when the circumstances might also reasonably support a contrary finding.

[Citation.] We do not reweigh or reinterpret the evidence; rather, we determine whether

there is sufficient evidence to support the inference drawn by the trier of fact.' " (*People

v. Millard* (2009) 175 Cal.App.4th 7, 26.)

Here, the record contains substantial evidence in support of the trial court's

$2,162.50 restitution order. At the time of the restitution hearing, the prosecution

presented a written request from the board, which represented that payments had been

made to two victims for counseling services; such expenses had been verified by the

board as incurred because of defendant's crimes in accordance with Government Code

section 13950; and the amount of expenses for counseling services added up to

$2,162.50. The request was accompanied by receipts and invoices for those specific

services, and a certification under penalty of perjury by the board's custodian of records

stating, that the bills and invoices were true and accurate reproductions of the bills

submitted to and paid by the board.

4

Defendant argues that the certified records of payment by the board are insufficient to support the trial court's restitution order because the documents do not detail how the board determined that the services claimed were related to the defendant's crimes or the factual basis for the board's determination. However, this court has previously held that documents indicating that the board has already reimbursed a victim for the cost of counseling services constitutes substantial evidence in support of a finding that the services received were directly related to the defendant's underlying crimes. (*People v. Cain* (2000) 82 Cal.App.4th 81, 89.)

More recently, our colleagues in the Fifth District Court of Appeal reached the same conclusion in *In re S.E.* (2020) 46 Cal.App.5th 795. Specifically, the Court of Appeal observed that the board is an agency within the California state government; the Legislature has established detailed statutory procedures that govern when a claimant is eligible for compensation; in accordance with those statutes, the board itself has developed administrative procedures for processing claims; and those statutes and regulations both authorize reimbursement only after the board has been able to verify that the costs claimed were incurred as a direct result of the qualifying crime and for no other reason. (*Id.* at pp. 810-811.) It then explained that, "[i]n light of the foregoing statutes and regulations, we conclude the certified documents before the court were inherently reliable. [Citation.] Because they required that causation be established as a prerequisite to payment, they furnished an adequate factual basis for the claim[, and] the court could rely on them as evidence of the amounts paid, and as prima facie evidence the victims' counseling was directly related to [the defendant's] conduct. [Citation.] By law, the

5

board could not have made the payments otherwise, and we presume the board followed the law and its own regulations." (*Id.* at p. 811.)

We agree with the prior decision of this court and the reasoning expressed in *In re S.E.*, *supra*, 46 Cal.App.5th 795, that a trial court is entitled to presume the board followed the law and its own regulations when reviewing evidence that the board has already made payment on a claim brought by a victim. (See Evid. Code, § 664 ["It is presumed that official duty has been regularly performed."].) Moreover, the relevant statute dealing with payments made by the board from the "Restitution Fund" provides that "the amount of assistance provided shall be presumed to be a direct result of the defendant's criminal conduct and shall be included in the amount of the restitution ordered." (Pen. Code, § 1202.4, subd. (f)(4)(A).) Thus, the certified documents from the board reflecting payments made to two of the victims to reimburse them for the cost of counseling services in this case constituted substantial evidence upon which the trial court could rely to conclude that the amounts paid were directly related to the defendant's criminal conduct. Defendant failed to rebut this presumption. Where the trial court's findings are supported by substantial evidence in the record, defendant has not shown an abuse of discretion warranting reversal.

## IV.  DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS           
Acting P. J.

We concur:


RAPHAEL           
J.


MENETREZ          
J.