Filed 3/28/25  P. v. Carr CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT CARR,<br><br>    Defendant and Appellant. | B337921<br><br>(Los Angeles County Super. Ct. No. TA156293) |

APPEAL from an order of the Superior Court of Los Angeles County, Carol J. Najera, Judge.  Affirmed.

A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael C. Keller and Blake Armstrong, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Robert Carr appeals from the trial court's order awarding $1,800 in restitution to the victim of his robbery. He argues that insufficient evidence supports this award, and that the trial court violated his due process rights when it denied his request for a continuance to gather further evidence. We affirm.

## BACKGROUND

In September 2023, appellant pleaded no contest to robbery (Pen. Code,[1] § 211) and admitted he personally used a firearm (§ 12022.5, subd. (a)). The trial court sentenced him to 2 years 8 months in state prison. A restitution hearing was scheduled for October 2023, but was continued twice before it was held on May 6, 2024.

Appellant waived his appearance at the restitution hearing, and his counsel appeared on his behalf. The victim testified, through a Spanish language interpreter, that appellant stole his satchel, "[l]ots of gemstones and silver and other parts for[] jewelry," six silver bracelets, an iPhone, and two pairs of sunglasses. His iPhone was returned to him broken, which he then spent $200 to fix. When asked whether he got "most of [his] stuff back," the victim responded, "Yes, of course." But he then testified he did not recover his two pairs of sunglasses, worth $200, or the six silver bracelets, which had cost him $500. He had no receipts for these items. The victim also testified that appellant stole $85 in cash that was never returned. Finally, he did not go to work for one week because he "wasn't in a great state of mind" after the robbery, and he lost $900 in pay as a result.

---

[1] Undesignated statutory references are to the Penal Code.

2

On cross-examination, appellant's counsel asked the victim whether the police released his "jewelry" to him, and he replied, "Yes, yes." He also testified that the police returned his satchel. When asked whether all of his property "was contained in" the satchel, except for his phone that was taken separately, the victim responded, "Yes." Appellant's counsel told the court that an itemization of stolen items shows that $84 was returned to the victim. The same itemization was silent about sunglasses, and although it showed that "jewelry" was stolen and returned, it did not specify whether that included the six silver bracelets.

The parties submitted, and the court stated it was "going to grant" the victim the $900 in lost wages, $200 for the two pairs of sunglasses, $200 for the iPhone repair, and $500 for the bracelets, "absent anything that says he actually got those bracelets back." The court ordered restitution in the amount of $1,800. Defense counsel requested a continuance to "call the officer as a witness or present body cam footage." The court responded that it did not "think [such evidence] would be definitive one way or the other," and denied the request for a continuance. It further explained, "the law favors the victims in this matter, as you know, so I am following the law."

## DISCUSSION

### I. Substantial Evidence Supports the Restitution Award

A trial court is required to order a defendant to make restitution to the victim of his crime who has suffered economic loss, in an amount that is "based on the amount of loss claimed by the victim . . . or any other showing to the court." (§ 1202.4, subd. (f).) "[T]he restitution order . . . shall identify . . . each loss to which it pertains, and shall be of a dollar amount that is

3

sufficient to fully reimburse the victim . . . for every determined economic loss incurred," including, "[f]ull or partial payment for the value of stolen or damaged property," the value of which "shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible," and lost wages. (§ 1202.4, subd. (f)(3) & (f)(3)(A), (D).)

Once the prosecution has made a prima facie showing of the victim's loss, the burden shifts to the defendant to show that the amount of loss is other than that the victim claims. (*People v. Millard* (2009) 175 Cal.App.4th 7, 30 (*Millard*).) "There is no requirement the restitution order be limited to the exact amount of the loss in which the defendant is actually found culpable, nor is there any requirement the order reflect the amount of damages that might be recoverable in a civil action." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.) We review a restitution order for abuse of discretion. (*Millard*, at p. 26.)

Appellant argues that the trial court erred in awarding anything beyond the victim's claimed lost wages ($900) because the victim's "bare testimony" about the other items, without any corroborating receipts, was insufficient. He fails to cite any authority for this proposition. "[I]t is well settled that 'statements by the victims . . . about the value of the property stolen constitute "prima facie evidence of value for purposes of restitution." ' " (*People v. Prosser* (2007) 157 Cal.App.4th 682, 690.) The victim testified that he spent $200 to repair his broken phone, that he did not recover two pairs of stolen sunglasses worth $200, and that he never recovered the six silver bracelets that cost him $500. This testimony was sufficient to shift the burden to appellant to show that the amount of loss is other than that the victim claims. (*Millard, supra*, 175 Cal.App.4th at

4

p. 30.)  Appellant's counsel did not proffer any evidence to refute the victim's testimony, and although she cross-examined the victim, she did not elicit testimony that necessarily contradicted that which supported the trial court's order.  Even if she had, " '[i]t is for the trier of fact to consider internal inconsistencies in testimony' [citation], and it is for us when reviewing for substantial evidence to resolve the inconsistencies in favor of the [trial court's order]." (*People v. Collins* (2021) 65 Cal.App.5th 333, 345.)  Substantial evidence supports the trial court's restitution award.

## II.  Appellant Was Not Denied Due Process

Appellant argues the trial court denied him due process by summarily denying his request for a continuance so that he could find an officer to testify or obtain body camera footage.  "The trial court violates the defendant's due process right at a hearing to determine the amount of restitution if the hearing procedures are fundamentally unfair." (*People v. Cain* (2000) 82 Cal.App.4th 81, 87.)  "[N]umerous courts have held that restitution hearings require fewer due process protections than civil hearings or criminal hearings of guilt." (*People v. Giordano* (2007) 42 Cal.4th 644, 662, fn. 6.)

The trial court's refusal to continue the restitution hearing did not render the hearing procedures fundamentally unfair, particularly given that the hearing had already been continued twice from October 2023 to May 2024, and appellant's counsel gave no explanation for why she had not previously subpoenaed the officer(s) or sought body camera footage.  Appellant argues the trial court erred in failing to comply with section 1050, subdivision (d), which requires the court to "hold a hearing on whether there is good cause for the failure to comply" with the

5

notice requirements for seeking a continuance. The trial court's omission to conduct a full hearing on this issue did not render the proceedings fundamentally unfair.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


CHAVEZ, J.


RICHARDSON, J.

6