Filed 7/11/25  P. v. Howell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Plumas)

----

| | |
|---|---|
| THE PEOPLE, | C101983 |
| Plaintiff and Respondent, | (Super. Ct. No. F22-00042) |
| v. | |
| SAMUEL OLIVER HOWELL, | |
| Defendant and Appellant. | |

Defendant Samuel Oliver Howell was convicted of felony battery with serious bodily injury and misdemeanor battery.  On the date of a victim restitution hearing, Howell and his attorney were absent.  The trial court proceeded with the hearing and, after hearing the prosecution's evidence, ordered restitution in the amount of $7,199.92.

On appeal, Howell asserts the trial court violated his constitutional and statutory rights by conducting the victim restitution hearing while he and his attorney were absent. The People concede the error.  We accept the People's concession.  We will vacate the restitution order and remand the matter for a new restitution hearing.

1

# PROCEDURAL HISTORY

The facts of this case are not relevant to our determination on appeal. The following is a brief recitation of the relevant procedural history.

On January 12, 2024, following a jury trial, Howell was convicted of one count of felony battery with serious bodily injury (Pen. Code, § 243, subd. (d)) and one count of misdemeanor battery (Pen. Code, § 242). He was sentenced to two years for the felony battery conviction and six months for the misdemeanor battery conviction, with the sentences running concurrently.

At sentencing, defense counsel requested a hearing on victim restitution. The hearing was set for March 8, 2024, a date selected to accommodate defense counsel's schedule. On March 8, 2024, the prosecutor and the prosecution's witness—the victim's wife—were present for the hearing, but Howell and his attorney were absent. The trial judge and the prosecutor briefly discussed defense counsel's absence. The prosecutor indicated he had not heard from defense counsel and did not know why counsel was not present. Neither the judge nor the prosecutor mentioned Howell's absence, and there was no mention of a waiver of appearance.

The trial court proceeded with the restitution hearing. The prosecution presented witness testimony and evidence of medical bills. The witness claimed $7,199.92 in costs on behalf of the victim for the treatment of injuries caused by Howell. The trial court ordered Howell to pay restitution to the victim in the amount of $7,199.92.

Howell appeals from that order.

# DISCUSSION

On appeal, Howell asserts the restitution order must be vacated because (1) his statutory and constitutional rights were violated, resulting in prejudice, when the trial court conducted the restitution hearing without Howell or his attorney present, and (2) he received ineffective assistance of counsel when his attorney failed to appear at the hearing.

2

A criminal defendant has the right under the California and federal Constitutions to be present and represented by counsel at all critical stages of a trial. (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 465.) Sentencing is a critical stage of the trial (*People v. Cutting* (2019) 42 Cal.App.5th 344, 347-348), and a hearing on the amount of victim restitution to be awarded is an essential part of the sentencing process. (*People v. Cain* (2000) 82 Cal.App.4th 81, 87.) Thus, a criminal defendant has a constitutional right to be present and represented by counsel at a victim restitution hearing, and waiver of that right must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." (*Brady v. United States* (1970) 397 U.S. 742, 748.)

While defense counsel requested the restitution hearing at the original sentencing hearing, indicating Howell intended to be present with his attorney to challenge the amount of restitution, at the time of the restitution hearing, the court received no explanation regarding the whereabouts of Howell's attorney. Howell's absence was not even acknowledged. Importantly, there is nothing in the record indicating Howell intended to waive his right to be represented or his right to be present for the victim restitution hearing. Accordingly, Howell's constitutional rights were violated when the hearing was held in his absence and without the presence of counsel.

When assistance of counsel has been denied during a critical stage of the proceeding, the court presumes the denial had a prejudicial effect, and reversal is automatic. (*People v. Lightsey* (2012) 54 Cal.4th 668, 699-700.)

As to a defendant's right to be present, federal constitutional error requires reversal unless the court determines the error was harmless beyond a reasonable doubt and did not contribute to the outcome of the proceeding. (*Chapman v. California* (1967) 386 U.S. 18, 24.) We cannot conclude such here. Had Howell been present at the restitution hearing, he may have exercised his right to cross-examine the prosecution's witness, offered evidence as to the appropriateness of restitution, or otherwise challenged

3

the award and/or amount of restitution. Particularly, since Howell did not have anyone else representing his interests at the hearing, his presence could have added significant information thereto, which may have altered the outcome of the proceeding. Thus, we cannot say the trial court's exclusion of Howell from the hearing was harmless beyond a reasonable doubt. We will, therefore, accept the People's concession, vacate the restitution order, and remand the matter for a new restitution hearing.

Because we vacate the restitution order on the ground that Howell's constitutional rights were violated when the restitution hearing was held without the presence of Howell or his attorney and without a waiver of appearance or of representation by counsel, we need not address Howell's claim of ineffective assistance of counsel.

## DISPOSITION

The restitution order is vacated, and the matter remanded for a new restitution hearing. In all other respects, the judgment is affirmed.

/s/
EARL, P. J.

We concur:


/s/
HULL, J.


/s/
KRAUSE, J.