Filed 2/3/23 P. v. Roozen CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H047858 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1913777) |
| v. | |
| SEAN MICHAEL ROOZEN, | |
| Defendant and Appellant. | |

Sean Michael Roozen pleaded no contest to one felony count of second-degree burglary of an office building. In exchange, he was sentenced to three years of formal probation and 90 days in jail.

At sentencing, the trial court indicated it was inclined to award $60,000 in restitution based on the probation report's recommendation. Defense counsel objected and requested a court date to allow time for discovery and investigation prior to a possible restitution hearing. Accordingly, the trial court set a date which it described as the "first pass at this," which "we'll call it a restitution hearing, but won't be the last date."

Roozen did not appear at the subsequent hearing. Defense counsel informed the court that he did not know where Roozen was, but that they were still awaiting further information from the prosecutor regarding the claimed restitution. The trial court then ordered the full claimed amount of $60,000, describing it "sort of as a default judgment," and adding that "I wouldn't deny [Roozen] a further hearing, should he reappear."

On appeal, Roozen contends the trial court violated his due process rights and abused its discretion by entering the restitution award without affording him notice and a meaningful opportunity to be heard.

We agree that the trial court violated Roozen's due process rights and therefore reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Arrest and charges

On the night of July l6, 2019, a security guard reported a person trespassing and trying to open doors at a vacant commercial building in Santa Clara. Copper piping and wiring appeared to have been cut during a prior visit and placed next to exits for later removal. Santa Clara police officers soon located the suspect, later identified as Roozen, and took him into custody. Roozen admitted to having two methamphetamine pipes in his pocket and having been in the building, but denied attempting to steal copper. He claimed instead that he was homeless and had only been looking for a place to sleep. Officers searched Roozen and his backpack, which contained hygiene products, miscellaneous personal items, and an old rusted band saw blade, but no actual saw, tools, or anything deemed suspicious.

On July 19, 2019, the Santa Clara County District Attorney filed a complaint charging Roozen with felony second-degree burglary of an office building (Pen. Code, § 460, subd. (b)[1]; count 1), and a misdemeanor count of possession of controlled substance paraphernalia (Health & Saf. Code, § 11364, subd. (a); count 2). On August 19, 2019, pursuant to a negotiated disposition, Roozen pleaded no contest to second-degree burglary with the understanding that he would be sentenced to three years formal probation and serve 90 days in county jail, and the misdemeanor charge would be dismissed. Roozen was released from custody pending the sentencing hearing.

_____

[1] Undesignated statutory references are to the Penal Code.

## B. *Sentencing*

At the sentencing hearing on October 24, 2019, the probation officer's report recommended restitution "as determined by the Court, including but not limited to $60,000.00 to Z&L Properties." The building's property manager had reported that the building is abandoned and had been burglarized multiple times. The property manager believed Roozen was the same suspect for each burglary, and he estimated the amount of losses due to the theft of the copper piping, wiring, cables and damage to the electrical panels as $60,000. The probation officer requested documentation to support that claim, but the property manager "advised he could not provide documentation at this time."

An initial report by one of the arresting officers in July 2019 stated that "[t]he responsible party . . . estimated the total value of stolen property to be at least $50,000." That report added that it was "unclear what items were newly cut because the building had been burglarized last year," and the responsible party "was unable to provide an exact amount for the total damage without consulting a contractor." The probation report also stated that "the police report in this matter indicates all stolen items were recovered undamaged."

Roozen objected to the recommended amount and requested a court date. Defense counsel asked the court if the matter could be set on the plea calendar "because I'm going to need to get some discovery and do some investigation *prior to a possible hearing date*, and hopefully we don't need a hearing date. I am aware of various information that suggests that $60,000 is not an appropriate number. [¶] . . . [¶] . . . The place was burglarized like a year prior. It was vacant. There's various evidence suggesting that all this occurred on different dates." (Italics added.)

In response, the trial court stated, "I'm sure you'll be prepared with evidence to dispute the owner's valuation." The court then asked defense counsel, "[h]ow long do you need for your first pass at this?" and set a court date for December 9, 2019. The court stated, "we'll call it a restitution hearing, but won't be the last date."

3

Following that discussion, Roozen was sentenced to serve three years of formal probation, 90 days in county jail, a general order of restitution, and ordered to pay fines and fees.

### C. December 9, 2019 proceeding

At the subsequent court date on December 9, defense counsel appeared, but Roozen did not. The court and counsel briefly discussed the propriety of the restitution amount. Counsel argued that the evidence did not connect Roozen to the theft and damage of the piping and wiring. The court asked counsel a number of questions on the subject. After that brief discussion, the court asked where Roozen was, to which counsel replied, "I don't know." He added that the prosecutor was still trying to obtain information from the victim regarding the amount claimed, and then stated, "I have no objection to a continuance for him to talk to that person and see what additional information he can get about this."

In response, the trial court noted that Roozen had been present for sentencing and stated that although it "could revoke probation and issue a bench warrant," it would instead treat the matter "sort of as a default judgment," and it ordered restitution to the victim in the amount of $60,000. The court explained that, "[t]he probation report indicates they spoke personally with the victim in this case, who provided an estimate. [¶] And it may be that reasonable minds can differ as to how much of any of that is due to the victim, but he's not here. I wouldn't deny him a further hearing, should he reappear, but I'd rather not order a bench warrant for him. [¶] . . . [¶] Should we recover Mr. Roozen, hopefully they can get in contact with somebody."

Defense counsel objected again, stating that "there's additional information we can still get about it. I was essentially giving Your Honor an update . . . ." The court responded: "We already did a general restitution order. This is the date we set the hearing. There's information from which a reasonable judge might find the victim was due that. [¶] Today was the date for the defendant, who has the burden of proof, to show

4

why the restitution amount should not be the amount claimed by the victim. [¶] He's not here. He has the burden of proof. [¶] Accordingly, I will order restitution in the amount of $60,000. [¶] Again, should some combination of [the victim] and/or the defendant ever show up, we could revisit it." The minute order for December 9, 2019, reflects a restitution award of $60,000 to Z&L Properties.

The trial court subsequently signed a written order for victim restitution on February 4, 2020. An "Abstract of Judgment—Restitution" was entered the next day in the amount of $60,000. On March 2, 2020, the court entered an "Abstract of Judgment—Civil and Small Claims," in the amount of $65,530.75.

Roozen timely appealed.

## II. DISCUSSION

Roozen argues the trial court abused its discretion by entering the restitution order without fair notice or a meaningful hearing, in violation of due process. Specifically, he contends that (1) the court "did not keep its word that the December 9, 2019 hearing would be the 'first pass,' but not the 'last date,' " and (2) the "restitution order offended due process because the court entered it on December 9, 2019, after leading the defense to believe that court date would be a status conference type of proceeding and not an evidentiary hearing." Roozen also argues that the March 2, 2020 abstract of judgment for $65,530.75 is erroneous and must be vacated.

The People argue that due process was not violated because the trial court gave Roozen "an opportunity to contest the victim's estimate of damages, but [Roozen] failed to appear at the hearing . . . [,] failed to schedule a new restitution hearing in a timely manner," and subsequently failed to appear in February 2021 for a probation modification hearing. Additionally, they argue that Roozen has shown no error in the court's entry of the $65,530.75 abstract of judgment.

After the conclusion of briefing, we requested supplemental briefing on the following issues: (1) is Roozen challenging only the December 9, 2019 order or also

5

some decision(s) after that date; if he is challenging only the December 9, 2019 order, what is the relevance of subsequent events; (2) did Roozen's counsel request a continuance at the December 9, 2019 hearing pursuant to section 1050; did the trial court grant a continuance; if not, was there good cause for such a continuance; and, (3) in light of the trial court's statements that Roozen would not be denied "a further hearing, should he reappear," is this appeal premature?

Roozen argues he is only challenging the December 9, 2019 order, and that subsequent events after that date are irrelevant, other than the March 2, 2020 abstract of judgment. He further argues that he requested a continuance, which the trial court denied, despite good cause. Lastly, he argues the appeal is not premature because the December 9, 2019 order was ripe and appealable as an order after judgment affecting his substantial rights.

The People agree that Roozen is only challenging the December 9, 2019 order, and that subsequent events are irrelevant. They argue that Roozen did not request a continuance and good cause did not exist. Lastly, they argue that the appeal is premature because Roozen has not scheduled a new hearing date to contest the amount of victim restitution.

As we explain below, we conclude the appeal is not premature and that the trial court violated Roozen's due process rights by entering the $60,000 restitution order on December 9, 2019, without providing Roozen adequate notice and opportunity to be heard. Accordingly, because we remand for a new restitution hearing, we need not reach the other issues.

### A. Applicable law and standard of review

The California Constitution vests in "all persons who suffer losses as a result of criminal activity . . . the right to seek and secure restitution from the persons convicted of

6

the crimes causing the losses they suffer." (Cal. Const., art. I, § 28, subd. (b)(13)(A); *People v. Selivanov* (2016) 5 Cal.App.5th 726, 784 (*Selivanov*).)

The constitutional right to restitution "is implemented in section 1202.4, which provides in subdivision (a)(1) that 'it is the intent of the Legislature that a victim of [a] crime who incurs an economic loss as a result of the commission of a crime shall receive restitution directly from a defendant convicted of that crime.' " (*Selivanov*, *supra*, 5 Cal.App.5th at p. 784; § 1202.4, subd. (a)(1).) Section 1202.4, subdivision (a)(3)(B), requires the trial court to order restitution in accordance with subdivision (f), which provides that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (§ 1202.4, subd. (f).)

Trial courts are vested with broad discretion to determine restitution awards, which will only be disturbed on appeal when the appellant has shown an abuse of that discretion. (*People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1320, citing *People v. Fortune* (2005) 129 Cal.App.4th 790, 794.) " ' "[E]ven though the trial court has broad discretion in making a restitution award, that discretion is not unlimited. While it is not required to make an order in keeping with the exact amount of loss, the trial court must use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious." ' " (*Holmberg*, *supra*, at p. 1320, quoting *People v. Mearns* (2002) 97 Cal.App.4th 493, 498.) " ' "When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court." ' " (*Mearns*, *supra*, at p. 499; see also *People v. Giordano* (2007) 42 Cal.4th 644, 663 [discretion has been abused where the ruling falls outside the bounds of reason under the applicable law and relevant facts].)

A criminal defendant is also entitled to certain due process protections in the context of restitution proceedings. "Due process is satisfied if [defendant] is given notice

of the amount sought and a hearing to contest that amount." (*People v. Thygesen* (1999) 69 Cal.App.4th 988, 993.) " 'The scope of a criminal defendant's due process rights at a hearing to determine the amount of restitution is very limited: " 'A defendant's due process rights are protected when the probation report gives notice of the amount of restitution claimed . . . , and the defendant has an opportunity to challenge the figures in the probation report at the sentencing hearing." ' " (*Selivanov*, *supra*, 5 Cal.App.5th at p. 783, quoting *People v. Cain* (2000) 82 Cal.App.4th 81, 86 (*Cain*).) A trial court violates these rights if the hearing procedures are "fundamentally unfair." (*Cain*, *supra*, at p. 87, citing *People v. Arbuckle* (1978) 22 Cal.3d 749, 754.) To be meaningful and adequate, a restitution hearing must afford the defendant a fair opportunity to present evidence and to otherwise challenge the amount of restitution. (*Cain*, *supra*, at p. 87.)

A proceeding is fundamentally unfair where the trial court changes its scope without providing the defendant adequate notice or opportunity to prepare for the change. (*People v. Marrero* (2021) 60 Cal.App.5th 896, 913-914 (*Marrero*) [trial court assured defendant that restitution would not include certain expenses, but then awarded them].)

### B. Analysis

#### 1. The appeal is not premature

We begin with the question whether the appeal is premature because, if it is, we need not reach the other issues presented.

Roozen argues that an appeal of a restitution order is ripe when the order becomes enforceable. He relies on *People v. Guardado* (1995) 40 Cal.App.4th 757 for the proposition that a restitution order becomes enforceable when the loss is quantified to a specific and certain amount. For that reason, he argues, the appeal became ripe upon entry of the restitution order.

The People argue that the appeal is premature because Roozen has failed to schedule a new restitution hearing after the December 9, 2019 hearing. According to the People, the trial court afforded Roozen the opportunity to return to court to contest the

8

restitution award and schedule a new hearing, but he has not yet availed himself of that opportunity. Until he does so, they contend, his appeal is premature. In essence, the People argue that the appeal is not ripe because Roozen has yet to exhaust his available remedies in the trial court, and unless and until he does so, he cannot seek relief in this court.

The People analogize to *People v. Weaver* (2007) 149 Cal.App.4th 1301 (*Weaver*). In that case, the trial court imposed restitution at sentencing in the amount of $229,479, adding that it was " 'subject to modification upward or downward on the application by counsel and a hearing can be held.' " (*Id*. at p. 1309, disapproved of on other grounds by *People v. Cook* (2015) 60 Cal.4th 922, 939.) The court also stated that it would " 'continue to retain jurisdiction to amend the judgment and to address restitution.' " (*Weaver*, *supra*, at p. 1338.) Subsequently, in denying the defendant's motion to recall her sentence, the trial court stated, " '[o]n the limited issue of reduction of restitution . . . , counsel should meet and confer to determine if a stipulated adjustment to the restitution figure is appropriate or if the matter needs to be set for hearing on that issue alone.' " (*Ibid*.) The record did not contain any evidence showing that the parties stipulated or that defendant "properly requested, and the trial court held, a hearing on modification of that fine." (*Ibid*.)

The Court of Appeal noted that section 1202.4 establishes procedures for a defendant to seek modification of the amount of a restitution fine. Subdivision (f) of that section provides that " '[i]f the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court.' " (*Weaver*, *supra*, 149 Cal.App.4th at p. 1338, quoting § 1202.4, subd. (f).) And subdivision (f)(1) provides that " '[t]he defendant has the right to a hearing before a judge to dispute the determination of the amount of restitution. The court may modify the amount, on its own motion or on the motion of the district attorney, the victim or victims, or the defendant. If a motion is made for

9

modification of a restitution order, the victim shall be notified of that motion at least 10 days prior to the proceeding held to decide the motion.' " (*Weaver*, *supra*, at p. 1338, quoting § 1202.4, subd. (f)(1).)

The Court of Appeal determined that the defendant "must first follow the appropriate procedures set forth in section 1202.4 by requesting a modification hearing and obtaining an order of the trial court on that request." (*Weaver*, *supra*, 149 Cal.App.4th at p. 1338.) Because Weaver had not done so, her contention on appeal was premature. (*Ibid*.)

We find *Weaver* factually distinguishable. The defendant there had not requested a restitution hearing or proceeding at all; here, by contrast, Roozen requested such a proceeding, which the trial court agreed it would provide. The concerns that the court had in *Weaver*—the defendant's failure to avail herself of the remedies provided by the statute before seeking appellate review of the restitution order—are not present here.

The People argue that because Roozen did not move to *modify* the restitution order, he should not "be permitted to contest the amount of the restitution award in this appeal without first presenting his claim and evidence to the trial court." To the extent the People contend that section 1202.4, subdivision (f)(1), requires that a party file a motion to modify a restitution award already set forth in an enforceable order—as a prerequisite to appealing that order—we disagree. We do not read *Weaver* as so interpreting section 1202.4, subdivision (f)(1), nor do we interpret the statute in that manner. While that subdivision provides the right to seek modification of a restitution amount, it is not a condition precedent to a defendant appealing an order awarding restitution that has already been entered.

Roozen argues that appealability in this context hinges on enforceability—that is, if the restitution order is enforceable, an appeal is ripe. We agree with that general proposition. Section 1202.4, subdivision (i) provides that "[a] restitution order imposed pursuant to subdivision (f) shall be enforceable as if the order were a civil judgment."

(§ 1202.4, subd. (i); see also § 1237, subd. (b) [appealable as order affecting defendant's substantial rights].)

Roozen's appeal is not premature.

### 2. *The trial court violated Roozen's due process*

As noted above, although the scope of due process rights in a restitution context is "very limited," a defendant nevertheless must have a meaningful and fair opportunity to present evidence at a restitution hearing which challenges estimates provided in a probation report, and the procedures must not be fundamentally unfair. (*Selivanov*, *supra*, 5 Cal.App.5th at p. 783; *Cain*, *supra*, 82 Cal.App.4th at pp. 86-87.)

We determine Roozen did not have that meaningful and fair opportunity here, and that the hearing procedures were fundamentally unfair. First, the discussion between defense counsel and the trial court at the October 2019 sentencing hearing reflects an understanding that the December 9, 2019 court date would not be the one and only hearing prior to an order awarding restitution. Instead, the trial court had informed Roozen that the December 9 court date would be "your first pass at this," and "won't be the last date." That assurance had followed Roozen's request that the matter be set on the plea calendar and his statement that "hopefully we don't need a hearing date." In other words, the "first pass" would be a preliminary court date to determine, in part, whether a subsequent restitution hearing was necessary. The trial court's statements at the December 9 court date—"This is the date we set the hearing. . . . [¶] Today was the date for the defendant . . . to show why the restitution amount should not be the amount claimed by the victim"—were inconsistent with its prior statements and changed the scope of the proceedings. December 9 turned out to be the last date before the court entered the restitution order.

Second, Roozen was not given any notice that December 9 was the final date he was expected to provide evidence to rebut the restitution claim. Therefore, he was denied a meaningful opportunity to challenge the estimates in the probation report before the

11

order was entered. Defense counsel had informed the trial court at the October 24 sentencing hearing that he needed to "get some discovery and do some investigation prior to a possible hearing date." At the next court date on December 9, he explained that he was still waiting for the prosecutor to obtain information from the victim, and that he had "no objection to a continuance for him to talk to that person and see what additional information he can get about this." Because the trial court entered the order awarding restitution on December 9, Roozen was unable to complete his discovery and investigation and meaningfully challenge the restitution estimate.[2]

The People argue that Roozen was not denied the opportunity to be heard because the trial court stated, "I wouldn't deny him a further hearing, should he reappear," and "should some combination of [the victim] and/or the defendant ever show up, we could revisit it." But that ignores the fact that the trial court actually ordered restitution at the December 9 court date. Roozen's right to seek modification of the restitution amount *after* it has been ordered does not render the order any less final and enforceable and the People have not identified any authority to the contrary. As Roozen correctly notes, due process requires that a defendant " ' "be given an opportunity for a hearing *before* he is deprived of any significant protected interest." ' " (*Zinermon v. Burch* (1990) 494 U.S. 113, 127; *Boddie v. Connecticut* (1971) 401 U.S. 371, 379.)

The People further argue that the trial court's statements at sentencing that Roozen's "first pass at this . . . won't be the last date" merely showed the court's "willingness to schedule further hearing dates if needed." We do not view the court's statements that way. There were no conditions attached to its initial statement that the

---

[2] For instance, defense counsel explained to the trial court that Roozen intended to challenge the report's estimate of $60,000 because the victim himself attributed that loss to multiple burglaries over a period of months or years, even though Roozen was only charged with one burglary on July 16, 2019. Consistent with that, Roozen argues on appeal that he was denied "[t]he opportunity to complete discovery of the *cause* of the victim's claimed aggregate loss."

12

December 9 court date "won't be the last date," and the record shows that Roozen reasonably expected it would not be.

The People place great weight on Roozen's failure to appear at the December 9 court date, arguing that he "has had opportunities to contest the $60,000 amount of restitution but has failed to do so," and therefore "has not been denied due process." The implication seems to be that the trial court was authorized to enter the restitution award as a penalty for Roozen's failure to appear on December 9. We disagree. The trial court assured Roozen that December 9 would not be the "last date," a promise that was not conditioned on Roozen appearing at that proceeding. Whatever penalties the court was entitled to impose did not include entering a restitution order without providing a meaningful opportunity to complete his discovery and investigation and challenge the restitution estimate.[3]

Roozen analogizes to *Marrero* in support of his argument he did not receive adequate notice that the "substantive character" of the hearing had changed. (*Marrero*, *supra*, 60 Cal.App.5th 896.) In *Marrero*, the trial court violated the defendant's due process rights by including travel expenses in the restitution order, after previously ruling that such expenses were not at issue. (*Id*. at p. 913.) The Court of Appeal stated that " '[i]t is a fundamental concept of due process that a judgment against a defendant cannot be entered unless he was given proper notice and an opportunity to defend.' " (*Ibid*., quoting *In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1166.) The defendant had been "explicitly told" by the trial court that travel expenses were not at issue in the restitution hearing—"[t]o comply with due process, Marrero was entitled to adequate notice that the scope of the hearing had changed." (*Marrero*, *supra*, at p. 913.)

_____

[3] The People also emphasize Roozen's failure to appear at subsequent probation modification hearings in 2020 and 2021. However, Roozen is appealing the December 9, 2019 order; accordingly, his failure to appear at subsequent probation proceedings is not relevant.

13

We find the case analogous as well. To comply with due process here, Roozen was entitled to adequate notice that the trial court had changed the scope of the hearing by making December 9 the only—and therefore final—restitution hearing, and that Roozen's failure to appear would forfeit his right to a hearing or to contest the probation report's figures. The People have not addressed *Marrero* or attempted to distinguish it.

In sum, the trial court's December 9, 2019 restitution order violated Roozen's due process rights by changing the scope of the December 9, 2019 hearing, which resulted in the denial of a fair and meaningful opportunity to be heard and challenge the amount of restitution. (*Cain*, *supra*, 82 Cal.App.4th at p. 86.)

We express no opinion on the issue of whether the requested amount of $60,000 is recoverable as restitution or the adequacy of evidence required to make such an order.[4]

### III.   DISPOSITION

The restitution order is reversed and the matter is remanded for a new restitution hearing.

---

[4] We also express no opinion on Roozen's argument regarding the apparent discrepancy between the figures in the restitution order ($60,000) and the abstract of judgment ($65,530.75).

14

_____
                              Wilson,  J.


WE CONCUR:


_____
Bamattre-Manoukian,  Acting  P.J.


_____
Danner,  J.


People v. Roozen
H047858